## Bishop *v.* The State.

86  329
97  303

One may commit an assault upon another by attempting to commit a violent injury upon him; and if, before the commission of the injury or battery, but after the attempt to commit it, he desist by reason of the importunities of the person assaulted or by reason of other facts or circumstances, this would not relieve him from being guilty of an assault.

December 20, 1890.

Criminal law. Assault. Before Judge LUMPKIN. Taliaferro superior court. February term, 1890.

On the trial, the evidence tended to show that as Saggus was riding on a public road at night, Bishop's wife ran after him, caught his bridle and asked him not to let Bishop kill her; that Bishop, who had been cursing her, came on the opposite side of the horse, seized an oak rail eight or ten feet long, and with it uplifted cursed Saggus, asked him what he had to do with it and said he would kill him (Saggus) if he moved his foot in the stirrup; that he held the rail uplifted for a minute or more, was in striking distance, and could have hit Saggus, who told him two or three times not to do so; and that he finally put the rail down on the remonstrance of his wife. In his statement he said that he never intended to hit Saggus, and never drew the rail on him, and that they had always been good friends, etc. After conviction, he moved for a new trial on the grounds stated in the opinion, the fifth ground being that the court erred in charging: "But if he intended to unlawfully commit a violent injury on the person of the prosecutor, and did some overt physical act towards carrying out such intention, desisting from further

attempt to commit the injury, after doing said act, would not relieve him from conviction of an assault." The motion was overruled, and exceptions were taken.

H. M. HOLDEN, for plaintiff in error.

W. M. HOWARD, solicitor-general, by J. H. LUMPKIN, *contra*.

BLANDFORD, Justice.

Bishop was indicted and found guilty of an assault upon one Saggus. A motion was made for a new trial upon the usual grounds that the verdict was contrary to law and the evidence, and further, because the court erred in refusing to charge, without qualification, the following request: " If you believe the defendant intended to commit a violent injury on the person of the prosecutor, but afterwards voluntarily desisted from committing said injury, it would be your duty to acquit the defendant." The error assigned is that the court qualified the request by adding the following, "before doing any act towards carrying out such intention," which made the charge read: "If you believe the defendant intended to commit a violent injury on the person of the prosecutor, but afterwards voluntarily desisted from committing such injury before doing any act towards carrying out such intention, it would be your duty to acquit the defendant." We are of the opinion that the charge of the court, with the qualification annexed thereto, was correct. A person may commit an assault upon another by attempting to commit a violent injury upon such person, and yet, before the commission of the injury or battery, he may desist by reason of the importunities of the person assaulted, or by reason of other facts or circumstances, before the assault has been finished or completed. This, however, would not relieve such person of the charge of assault, if an assault had been committed before he desisted from his purpose of doing another violent injury.

What we have said as to this ground applies equally to the fifth ground of the motion, which is the only other assignment of error. The judgment of the court below in refusing to grant a new trial must therefore be

Affirmed.